COOPER *v.* STATE.

(Division A.   April 7, 1930.)

[127 So. 684.   No. 27295.]

**Boone & Lowrey,** of Marks, for appellant.

(1)

2

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted, under chapter 120, Laws of 1916, section 940, Hemingway's 1927 Code, of having given to the payee therein, with intent to defraud him, a check on a bank in which he knew he had no funds for the payment of the check.

The court below was requested, but refused, to direct a verdict for the appellant.

The evidence is probably insufficient to warrant a finding that the appellant obtained anything of value by means of the check, but, if it does, it is insufficient to warrant a finding that he intended thereby to defraud.

The appellee invokes that clause of the statute providing that "the failure of the person drawing, uttering or delivering such check, draft or order to pay or have paid the amount of same within ten days after receipt by him of written notice of its non-payment upon presentation, shall be prima-facie evidence of obtaining the amount of said check, draft or order, or of the goods or other property obtained by the giving of said check, draft or order by the person giving or drawing or uttering same, under false pretenses, within the meaning of this act."

The appellant was given verbal, but not written, notice of the nonpayment of the check, and the presumption created by the statute can arise only on the fact provided for therein, which is the giving of a written, and not of a verbal notice of the nonpayment of the check. It is true that written notice would have given the appellant no more information of the nonpayment of the check than was given him by the verbal notice; nevertheless the requirement of the statute is that the notice must be in writing.

The court below should have granted the appellant's request for a directed verdict; consequently, its judgment will be reversed, and the appellant will be discharged.

Reversed, and the appellant discharged.