JOHNSON *v.* STATE.

(Division B.   Feb. 9, 1931.)

[132 So. 330.   No. 29160.]

T. H. McElroy, of Oxford, for appellant.

Creekmore & Creekmore, of Jackson, and **W. A. Ship-man**, Assistant Attorney-General, for the state.

Argued orally by **T. H. McElroy**, for appellant, and by **H. H. Creekmore**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was prosecuted and convicted under chapter 172, Laws 1924, sections 924, 925, Code 1930. The first section of said chapter reads as follows:

"If any person shall make, issue and deliver to another person, for value any check, draft or order on any bank or other depository and thereby obtain from such other person any credit, money, goods or other property of value, and have no funds, or have insufficient funds, on deposit to his credit in said bank or depository with which such check, draft, or order may be paid, or who, after having made, issued, uttered or delivered any check or draft or other order for the payment of money upon any bank or other depository shall withdraw or cause to be withdrawn, the money or any part thereof, to the credit of the maker of such draft, check or other order for the payment of money without leaving with such bank or other depository a sufficient sum to cover such check, draft or other order for the payment of money, and same shall not be paid by such bank or depository on presentation, he shall be guilty of a misdemeanor, if the amount of the check, draft or order be under twenty-five dollars, and upon conviction thereof, he shall be fined not less than the amount of such check, draft or order and not exceeding one hundred dollars, or imprisoned in the county jail not less than one day nor more than thirty days, or both such fine and imprisonment, at the discretion of the court; and if the amount of the check, draft or order shall be twenty-five dollars or more, he shall be guilty of a felony and on conviction shall be imprisoned in the penitentiary not less than six months nor more than two years, and the drawer of such check, draft or order shall be prosecuted in the county in which he delivered the same, or in the county of the bank or depository on which it was drawn, wherever prosecution may be first begun.

"Prosecution under this section may be begun immediately, but if the person who makes, issues and delivers any such check, draft or order shall, within ten days from the time he receives written notice of the nonpayment of such check, draft or order, pay the same, together with

all lawful protest fees, interest and damages, if any, he shall not be prosecuted under this section and any prosecution that may have been begun within the time above mentioned shall, if payment of such check, draft or order, protest fees, interest and damages, if any, .be made as aforesaid, be dismissed on payment of the costs of prosecution by defendant. Said written notice may be given by said bank or other depository or by the payee or drawee in said check, draft or order, or by any officer who shall protest same. And the mailing, postpaid to the last known postoffice address of the maker, or drawer of such check, draft or order, shall be prima-facie evidence of the receipt of such notice.''

The second section is simply the statutory form of the affidavit or indictment, and which upon examination is found to omit any of the matters mentioned in the second paragraph of the first section; and it will be observed also that the element of fraudulent intent is omitted in both sections. A vigorous assault is made upon the entire statute, on the ground that, since it does not expressly require the averment and proof of fraudulent intent, it is no more than a means of enforcing a civil obligation and of collecting a debt through the processes of the criminal law, in contravention of the constitutional provision prohibiting imprisonment for debt. The case of Neidlinger v. State, 17 Ga. App. 811, 88 S. E. 687, and many others from various jurisdictions are cited in support of this serious contention.

But we need not decide that question in this case, because the statute does require as an essential to a final judgment of conviction that written notice shall have been given to the person accused, and that he shall have ten days thereafter to make payment of the check, draft, or order. Statutes such as this must have a strict construction in favor of the accused, which means, in respect to the notice, not only that the notice must be in writing, Cooper v. State, 157 Miss. 1, 127 So. 684, but that, in

addition, it must be given or addressed to the accused personally. The undisputed proof here is that; while oral notice was given to appellant personally, no written notice was delivered or mailed other than to T. E. Johnson, manager, Life & Casualty Insurance Company; and it further appears that the check was charged back, not to the personal account of T. E. Johnson, but to the account of the insurance company, which account was carried on the books of the bank under the name or style, "T. E. Johnson, Manager." And the person who gave the notice could not and did not testify, since he could not definitely remember whether in fact the notice to Johnson, manager, was delivered to Johnson or was mailed to the manager. And therefore, even if it were sufficient to hold the accused personally on a written notice to him as manager, but delivered to him personally, the proof does not establish the fact of a personal delivery to him. The testimony does not so assert, but rather is to the effect that it was mailed to Johnson, manager, in which event, in the routine of the insurance office, it may have come into the hands of a clerk or secretary, and never have been seen by the accused at all.

Reversed and remanded.